Hayden M. Schottlaender, TX Bar No. 24098391
*Application pro hac vice pending*
HSchottlaender@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone:    +1.214.965.7700
Facsimile:  +1.214.965.7799

Elliott J. Joh, CA Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone:    +1.415.344.7000
Facsimile:  +1.415.344.7050

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO A MEDIUM CORPORATION | Case No. 4:24-mc-80205 |
| | **RESPONSE TO ORDER TO SHOW CAUSE** |
| | Date:     September 26, 2024 |
| | Time:     1:00 PM |
| | Judge:    Hon. Donna M. Ryu |

Respondent A Medium Corporation ("Medium") hereby responds to the Court's order to show cause and respectfully requests until September 16 for its counsel to better understand the matter at issue, attempt an out-of-court compromise with Petitioner and, if necessary, file a supplemental and more comprehensive response to Petitioner's motion to compel. The undersigned counsel for Medium was not retained until the evening of September 4, 2024, and requires additional time to accomplish all of the above.

1    That said, based on counsel's understanding to date, the motion to compel

2  appears to omit some critical facts and ignore core issues that would prevent Medium's

3  compliance with petitioner's current subpoena.

4  **I.    Factually, there are no additional documents to be compelled from Medium—it has produced the only responsive records it could identify after performing a diligent and reasonable search.**

5

6    Medium responded to the subpoena many months ago (on May 2, 2024). It told

7  Petitioner that it was providing all responsive records that it was permitted to disclose

8  consistent with the Stored Communications Act ("SCA"), informed Petitioner that it

9  could find no responsive data for the four email addresses targeted by the subpoena,[1]

10  and produced subscriber information for the user @supercell031610. Petitioner's counsel

11  then wrote an email to Medium, asking for a call to discuss the declaration that Medium

12  submitted.  Medium, which does not maintain any legal or customer phone support,

13  responded that it was unable to hold a call but asked "What outstanding issues are you

14  still concerned with?" Medium's current understanding is that Petitioner did not reply

15  to that email and instead jumped straight to filing the instant action. Far from

16  attempting to "subvert the legal process and waste Mr. Ferrari's resources," (Doc. 1, at 1)

17  Medium provided all of the information it could in response to the subpoena, invited a

18  discussion about any issues that Petitioner might have, and stood by while Petitioner

19  ignored that invitation.

20    Furthermore, Medium logistically cannot perform searches in response to some of

21  the subpoena's requests. Medium is an online platform with tens of millions of monthly

22  active users. So when the subpoena seeks "Documents and Communications related to"

23  "Adam Ferrari or Phoenix" or "William Francis, any company affiliated with William

24  Francis, or any person or entity acting on behalf of William Francis or Incline," Medium

25  cannot use those parameters to identify responsive records. Medium must be provided

26  with a subscriber identifier (such as the email addresses provided in the subpoena's

27

28  [1] Those email addresses are: deanpowers123@gmail.com; khanawais5424@gmail.com; concernedbakkenmineralowner@gmail.com; criminal@gmail.com.

1    request 6, or the post URL provided in the subpoena's request 3) so that it can query its

2    records. Notwithstanding that obvious technical limitation, Medium performed a

3    reasonably diligent search and informed Petitioner on August 22 that it believed that it

4    had no responsive records to the subpoena's requests 1, 2, 3, 4, or 5, and further

5    provided a publicly-available link to Petitioner in response the subpoena's request 6

6    concerning its data retention policy. Medium legitimately does not know what more

7    information it could provide in response to the subpoena; Medium has already told

8    Petitioner that it cannot locate records responsive to the very requests that Petitioner is

9    currently seeking to enforce.

10   **II.     Legally, the SCA may prohibit Medium from disclosing certain records, even if**
11   **Petitioner could clarify what he is seeking.**

12        One legal issue also warrants particular mention. The SCA (which Medium raised

13   to Petitioner many months ago) prohibits Medium from disclosing the contents of a

14   user's communications. 18 U.S.C. § 2701, *et seq.* This is true even in response to a civil

15   subpoena. *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 975 (C.D. Cal. 2010). So

16   while it is unclear what "documents and communications" Petitioner seeks here, at least

17   some of those communications may be off limits by virtue of federal law. But, to be clear,

18   Medium is not currently withholding any documents on the basis of the SCA because it

19   has not identified records responsive to the subpoena beyond the subscriber information

20   that it has already produced.

21   **III.    Medium's counsel requires additional time to fully understand the issues and**
22   **to confer with Petitioner's counsel to attempt to narrow the issues (if any) requiring**
     **this Court's decision. At present, Medium does not believe there is anything to even**
23   **be compelled.**

24        The undersigned counsel, immediately upon being retained and being mindful of

25   the Court's OSC, contacted counsel for Petitioner to learn what additional information

26   Petitioner thinks that Medium might have. Counsel for both parties are currently

27   engaged in productive discussions that could obviate the need for any judicial

28

4:24-mc-80205
RESPONSE TO ORDER TO SHOW CAUSE

1    intervention. Medium is committed to resolving any matters that can be resolved

2    outside of motions practice, but asks that it be permitted to file a supplemental response

3    (if necessary) to Petitioner's motion to compel by September 16, well in advance of the

4    September 26 hearing.

5

6    Dated:  September 6, 2024                    **PERKINS COIE LLP**

7

8                                        By:

9                                            Elliott J. Joh,
                                             CA Bar No. 264927
10                                           Hayden M. Schottlaender,
                                             TX Bar No. 24098391, *pro hac vice pending*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4:24-mc-80205
RESPONSE TO ORDER TO SHOW CAUSE